**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| NEEMIAS E. CRUZ : | |
| 19823 Apple Ridge Place : | |
| Montgomery Village, Maryland 20886 : | Civil Action No. |
| : | |
| SANTOS ARISTIDES MAJANO REYES : | |
| 9317 Avenel Road : | |
| Langley Park, Maryland 20903 : | |
| : | |
| ELEAZAR CRUZ ZAVALA : | |
| 3012 Hewitt Avenue : | |
| Apt. 280 : | |
| Silver Spring, Maryland 20906 : | |
| : | |
| MARVIN A. HERNANDEZ : | |
| 9317 Avenel Road : | |
| Langley Park, Maryland 20903 : | |
| : | |
|    Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| HOME & GARDEN CONCEPTS, LLC : | |
| 706 Garden View Way : | |
| Rockville, Maryland 20850 : | |
| : | |
|    Serve:  Resident Agent : | |
|       Sanoj Dhamindranath : | |
|       706 Garden View Way : | |
|       Rockville, Maryland 20850 : | |
| : | |
| SANOJ DHAMINDRANATH : | |
| 706 Garden View Way : | |
| Rockville, Maryland 20850 : | |
| : | |
|    Defendants. : | |

## COMPLAINT

Plaintiffs, Neemias E. Cruz, Santos Aristides Majano Reyes, Eleazar Cruz Zavala, and

Marvin A. Hernandez ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3908767_2

Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Home & Garden Concepts, LLC and Sanoj Dhamindranath (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were not properly compensated by Defendants. They worked hours in excess of forty hours per week and were not paid at the overtime rate of one and a half times their regular hourly rates as required by Maryland and federal law. Plaintiffs are also owed unpaid straight time wages. Defendants have willfully violated the clear and well-established straight time wages and overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiffs seek compensatory and statutory damages for all unpaid straight time wages and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1.      This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiffs are adult residents of Maryland.

4.      Defendant Home & Garden Concepts, LLC ("Home & Garden") is a Maryland corporation.

5.      Defendant Sanoj Dhamindranath is the owner of Home & Garden.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3908767_2

6.     At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.     Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8.     Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce.  Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9.     At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10.    Defendant Sanoj Dhamindranath controlled the day to day operations of Home & Garden.

11.    Defendant Sanoj Dhamindranath had the power to hire, fire, suspend, and discipline Plaintiffs.

12.    Defendant Sanoj Dhamindranath supervised Plaintiffs directly or indirectly.

13.    Defendant Sanoj Dhamindranath directly or indirectly set and controlled Plaintiffs' work schedules or had the power to do so.

14.    Defendant Sanoj Dhamindranath directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15.    The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

3908767_2

16.     Defendant Sanoj Dhamindranath would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

17.     Plaintiffs were employed by Defendants as laborers from 2011 through 2013 (the "Employment Period").

18.     Plaintiff Neemias E. Cruz was paid $2,500.00 monthly regardless of the amount of hours worked. He worked on average forty-four hours per week.

19.     Defendants failed to pay Plaintiff Neemias E. Cruz for the final four months of his employment from October 2012 through January 2013.

20.     Plaintiff Neemias E. Cruz is owed $10,000 in unpaid wages which were withheld by Defendants absent a bona fide dispute.

21.     Plaintiff Santos Aristides Majano Reyes was paid at the same regular hourly rate of $12.00 regardless of how many hours he worked. He worked on average fifty-seven hours per week and was not compensated at the required overtime rate of one and a half times his regular hourly rate.

22.     Plaintiff Santos Aristides Majano Reyes is owed the difference between the regular rate he was paid at and the required overtime rate for sixty weeks.

23.     Defendants failed to pay Plaintiff Santos Aristides Majano Reyes for 160 hours of work.

24.     Plaintiff Santos Aristides Majano Reyes is owed $1,920.00 in unpaid straight time wages and $6,120.00 in unpaid overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

3908767_2

25.     Plaintiff Marvin A. Hernandez was paid at the same regular hourly rate of $12.00 regardless of how many hours he worked. He worked on average fifty-seven hours per week and was not compensated at the required overtime rate of one and a half times his regular hourly rate.

26.     Plaintiff Marvin A. Hernandez is owed the difference between the regular rate he was paid at and the required overtime rate for fifty-three weeks.

27.     Plaintiff Marvin A. Hernandez is owed $5,406.00 in unpaid overtime wages.

28.     Plaintiff Eleazar Cruz Zavala was paid at the same regular hourly rate of $12.00 regardless of how many hours he worked. He worked on average fifty-seven hours per week and was not compensated at the required overtime rate of one and a half times his regular hourly rate.

29.     Plaintiff Eleazar Cruz Zavala is owed the difference between the regular rate he was paid at and the required overtime rate for fifty-two weeks.

30.     Plaintiff Eleazar Cruz Zavala is owed $5,304.00 in unpaid overtime wages.

31.     Plaintiffs are owed straight time and overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of Maryland and federal law.

32.     By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424.

33.     Should employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

34.     The precise number of hours worked and wages owed should be revealed through discovery.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3908767_2

35.     Defendants knowingly and intentionally violated Plaintiffs' rights under Maryland and federal law.

## COUNT I
### (Violation of the Maryland Wage Payment and Collection Law)

36.     Plaintiffs adopt herein by reference paragraphs 1 through 35 above as if fully set forth herein.

37.     The amounts owed to Plaintiffs by Defendants for unpaid straight time and overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

38.     Employees are entitled to receive all of the wages they are owed by employers. Md. Code Ann., *Labor & Empl.,* § 3-502 & §3-505.

39.     Defendants failed to pay Plaintiffs all of the straight time wages they were owed.

40.     Defendants were required to pay to Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

41.     While employed by Defendants, Plaintiffs worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

42.     Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

43.     Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but no less than $86,250.00 which equals three times the wages owed; and to

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3908767_2

grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

44.     Plaintiffs adopt herein by reference paragraphs 1 through 35 above as if fully set forth herein.

45.     Defendants were required to pay Plaintiffs a wage at or above $7.25 per hour worked. *See* 29 U.S.C. §206(a)(1)(C).

46.     Defendants failed to pay Plaintiffs Neemias E. Cruz and Santos Aristides Majano Reyes at all for their final four months of work and therefore committed a clear violation of the minimum wage requirement.

47.     Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

48.     Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

49.     Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

50.     Defendants' violation makes them liable to Plaintiffs for all unpaid minimum wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3908767_2

but not less than $46,652.64 which is two times the total overtime compensation owed, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

51.     Plaintiffs adopt herein by reference paragraphs 1 through 35 above as if fully set forth herein.

52.     Defendants were required to pay Plaintiffs a wage at or above $7.25 per hour worked. *See* Md. Code Ann., *Lab. & Empl.* § 3-413.

53.     Defendants failed to pay Plaintiffs Neemias E. Cruz and Santos Aristides Majano Reyes at all for their final four months of work and therefore committed a clear violation of the minimum wage requirement.

54.     Defendants were required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week.  *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

55.     Throughout the Employment Period, Defendants failed to properly pay Plaintiffs overtime required by the MWHL.

56.     Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

57.     Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $23,326.32 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3908767_2

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:         /s/ *Mary Craine Lombardo*
Mary C. Lombardo (17140)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)
mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9

3908767_2