IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NEEMIAS E. CRUZ, *et al.*** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )       **Civil Action No. GJH-15-204** |
| | ) |
| **HOME & GARDEN CONCEPTS, LLC, *et al.*** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiffs Neemias E. Cruz, Santos Aristides Majano Reyes, Eleazar Cruz Zavala and Marvin A. Hernandez (hereinafter "Plaintiffs")' Request for Judgment by Default.  ECF No. 7.[1] Defendants Home & Garden Concepts, LLC and Sanoj Dhamindranath (hereinafter "Defendants") have not filed a response and the deadline for their response elapsed on April 4, 2016. *See* Loc. R. 105.2.a. Having reviewed the filings, no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendation, Plaintiffs' Motion for Default Judgment be GRANTED.

## I.    FACTUAL AND PROCEDURAL HISTORY

Neemias E. Cruz, Santos Aristides Majano Reyes, Eleazar Cruz Zavala and Marvin A. Hernandez are adult residents of Maryland. ECF No. 1 at 2 (Compl. ¶ 3). Defendant Home & Garden Concepts, LLC ("Home & Garden"), a Maryland corporation[2], has forfeited its status[3]

---

[1] On April 20, 2016, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hazel referred this case to the undersigned to review a default judgment and/or make recommendations concerning damages.  ECF No. 8.

[2] A search on Google revealed this limited liability company, with Sanoj Dhamindranath as President, is an active, foreign limited liability company registered with the State of Connecticut.  *See* Companies Connecticut

1

and presently is not in good standing.[4]  *See* Home & Garden Concepts LLC, Maryland Corporates-Company Profiles of Maryland, http://www.marylandcorporates.com/corp. 702494.html (last visited June 6, 2016). Home & Garden is owned by Defendant Sanoj Dhamindranath.  ECF No. 1 at 2 (Compl. ¶ 5).

Defendant Sanoj Dhamindranath controlled the daily operations of Home & Garden. He supervised directly or indirectly the Plaintiffs. He had the power to hire, suspend, discipline or fire the Plaintiffs. The Plaintiffs' work schedules were directly or indirectly set and controlled by Defendant Sanoj Dhamindranath, or he had the power to do so. The rate and method of the Plaintiffs' pay were directly or indirectly set and determined by Defendant Sanoj Dhamindranath, or he had the power to do so.  *Id.* ¶¶ 10-14.

Both Defendant Sanoj Dhamindranath and Defendant Home & Garden are employers within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., *Lab. & Empl.* § 3-501, *et seq.* At all times relevant, Defendants have at least two or more employees engaged in commerce or "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person[.]"  29 U.S.C. § 203(s)(1)(A)(i). "Defendants negotiate and purchase from producers and suppliers who operate in interstate

---

(http://www.connecticutcompanieslist.com); Connecticut Secretary of the State, (http://www.concord-sots.ct.gov) (last visited June 6, 2016).

[3] "'**Forfeited**' means the 'legal existence' of the entity has been relinquished and it is usually for failing to make required Annual Report/Personal Property Return filings for prior years." "What Does It Mean That My Business Entity Is 'Not in Good Standing' Or 'Forfeited'?", Maryland Department of Assessments & Taxation, http://dat.maryland.gov/businesses/Documents/entitystatus.pdf (last visited June 6, 2016).

[4] "'**Not in Good Standing**' means the entity has not filed an Annual Report/Business Personal Property Return or it owes a late filing penalty." *Id.*

commerce and serve customers in interstate commerce." ECF No. 1 at 3 (Compl. at ¶ 8). At all times relevant, Defendants' annual gross volume of sales made or business done is not less than $500,000.00.  *Id.* ¶ 6. Further, at all times relevant, Defendants constituted an "enterprise" as defined by 29 U.S.C. § 203(r).

Plaintiff Neemias E. Cruz was employed as a project manager by the Defendants from September 1, 2011 through February 8, 2013. Mr. Cruz was paid $2,500.00 per month. Defendants did not pay Mr. Cruz for hours worked during his final four months of employment, October 2012 through January 2013. For this period of time the Defendants owe Mr. Cruz $10,000.00 in unpaid wages which Defendants withheld absent a bona fide dispute. *See* ECF No. 1 at 4 (Compl. ¶¶ 18-20); ECF No. 7-1 at 2 (Cruz Decl.).

Plaintiff Santos Aristides Majano Reyes was employed as a carpenter by the Defendants for approximately one year and two months. Mr. Reyes was paid an hourly rate of $12.00. He worked an average of  fifty-seven (57) hours per week. Mr. Reyes was never compensated at the required overtime rate (1.5 times his regular hourly rate) for those hours he worked in excess of forty (40) hours per week. He seeks the difference between the overtime rate for sixty (60) weeks (one year and two months) he should have been paid minus the regular hourly rate he was paid. Further, for his last few weeks of employment Defendants failed to pay Mr. Reyes for 160 hours of work. Mr. Reyes is owed $1,920.00 for unpaid wages at his regular hourly rate (160 hours x $12.00/hour). Defendants owe him $6,120.00 in unpaid overtime wages. This amount is derived as follows:  $12.00/hour x 1.5 equals $18.00/hour. The difference between $18.00/hour and $12.00/hour is $6.00/hour. Mr. Reyes routinely worked 57 hours per week, or 17 hours per week overtime. The difference in the overtime rate is calculated as follows: 17 hours x $6.00/hour

equals $102.00. Sixty (60) weeks x $102.00 equals $6,120.00. *See* ECF No. 1 at 4 (Compl. ¶¶ 21-24); ECF No. 7-2 at 2 (Reyes Decl.).

Plaintiff Marvin A. Hernandez was employed as a carpenter by the Defendants for fifty-three (53) weeks. Mr. Hernandez was paid an hourly rate of $12.00. He routinely worked 57 hours per week on average. Mr. Hernandez was never compensated at the required overtime rate (1.5 times his regular hourly rate) for those hours he worked in excess of 40 hours per week. He seeks the difference between the overtime rate he should have been paid minus the regular hourly rate he was paid. *See* computation *supra*. Mr. Hernandez routinely worked 57 hours per week, or 17 hours per week overtime. *See* computation *supra*. Fifty-three (53) weeks x $102.00 equals $5,406.00. *See* ECF No. 1 at 5 (Compl. ¶¶ 25-27); ECF No. 7-3 at 2 (Hernandez Decl.).

Plaintiff Eleazar Cruz Zavala was employed as a carpenter by the Defendants for fifty-two (52) weeks. Mr. Zavala was paid an hourly rate of $12.00. He routinely worked 57 hours per week on average. Mr. Zavala was never compensated at the required overtime rate (1.5 times his regular hourly rate) for those hours he worked in excess of 40 hours per week. He seeks the difference between the overtime rate he should have been paid minus the regular hourly rate he was paid. *See* computation *supra*. Mr. Zavala routinely worked 57 hours per week, or 17 hours per week overtime. *See* computation *supra*. Fifty-two (52) weeks x $102.00 equals $5,304.00. *See* ECF No. 1 at 5 (Compl. ¶¶ 28-30); ECF No. 7-4 at 2 (Zavala Decl.).

On January 23, 2015 the Plaintiffs filed a Complaint against the Defendants alleging the Defendants willfully violated clear and well-established straight time wages and overtime provisions of the FLSA, MWHL, and MWPCL. ECF No. 1. The Plaintiffs seek compensatory and statutory damages as well as attorneys' fees and costs.

This Court's jurisdiction is based on federal question, 28 U.S.C. § 1331, as this civil action arises under "the Constitution, laws, or treaties of the United States." *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). This Court exercises supplemental jurisdiction over the state (Maryland) law claims in accordance with 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

On January 27, 2015 a summons and a copy of the Complaint were issued by the Clerk of Court. ECF No. 2. Almost three months later, on April 22, 2015, Murray A. Kivitz, Esq. filed an Affidavit of Acceptance of Service acknowledging he accepted the service of the Complaint and Writ of Summons issued to Home & Garden Concepts, LLC and Sanoj Dhamindranath on April 15, 2015. ECF No. 3. The Defendants' Answers were due May 6, 2015.  Neither Defendant filed an Answer by this deadline.

On July 31, 2015 the Plaintiffs moved for Clerk's entry of default for want of answer or other defense against the Defendants. ECF No. 4. The deadline for Defendants' response in opposition was August 17, 2015. No response in opposition was filed by either Defendant by the deadline.

On September 1, 2015 the Clerk's Entry of Default was docketed against both Defendants. ECF No. 5. Approximately six months elapsed without any apparent activity. On an

undisclosed date the parties attempted to reach a settlement of this case. The case was not settled

but Defendants made certain partial payments.

> Accordingly, the following amounts should be deducted from the judgment. Five Thousand Two Hundred and Seventy ($5,270.01) Dollars 01/100 in attorney fees and Nine Thousand Seven Hundred and Twenty-Nine ($9,729.99) 99/100 Dollars to Plaintiffs totaling Fifteen Thousand ($15,000.00) 00/100 Dollars.

ECF No. 7 at 4 ¶ 26.

On March 11, 2016 Judge Hazel issued an Order directing the Plaintiffs, within thirty

(30) days, to file and serve by mail on the Defendants a motion for default judgment, or submit a

report explain why such a motion would be inappropriate. ECF No. 6. Five days later, the

Plaintiffs moved for default judgment. ECF No. 7. On April 20, 2016 Judge Hazel referred the

case to the undersigned for a report and recommendation. ECF No. 8.[5]

## II.     DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to

Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain

or a sum that can be made certain by computation," and the defendant is in default for failing to

appear and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

Additionally, when a defendant is an individual, the plaintiff must certify or declare to be true

under penalty of perjury whether the defendant is in military service. 50 U.S.C. app. § 521(b)(1)

("In any action or proceeding covered by this section, the court, before entering judgment for the

plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not

the defendant is in military service and showing necessary facts to support the affidavit; or (B) if

---

[5] On June 7, 2016 the undersigned issued an Order directing the Plaintiffs to supplement the record as to Defendant Sanoj Dhamindranath's military status and further to address whether Defendant Sanoj Dhamindranath is a minor or incompetent person. *See* ECF No. 9. The Plaintiffs supplemented the record on July 8, 2016. *See* ECF No. 10.

the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.").[6]

The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the

---

[6] "Undersigned counsel engaged in substantial communication with Defendant Sanoj S. Dhamindranath's counsel for almost one year in efforts to resolve this matter and Defendant Sanoj S. Dhamindranath's counsel never mentioned that Defendant Sanoj S. Dhamindranath was a minor, involved in any military service or incompetent." ECF No. 10 at 1-2 (Lombardo, Esq. Decl. ¶ 5). *See also* ECF No. 10-1 at 2 (Affidavit Pursuant to Servicemembers Civil Relief Act).

default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]" *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

A.    **Liability**

One year and three months have elapsed since Defendants Home & Garden and Sanoj Dhamindranath were served with the Plaintiffs' Complaint, yet the Defendants have not pleaded

or otherwise asserted a defense by filing an Answer. As a result, all of the factual allegations made in the Plaintiffs' Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.

The Plaintiffs moved for a default judgment on March 16, 2016 and the Defendants have not responded. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him). Accordingly, the Court should grant default judgment on the Complaint if the Plaintiffs establish the Defendants' liability.

That accepting as true the Plaintiffs' well-pleaded allegations, the undersigned finds the Plaintiffs have proven the following:

a.      Defendant Home & Garden is a Maryland corporation;

b.      Defendant Sanoj Dhamindranath is the owner of Home & Garden;

c.      At all times relevant Defendants had annual gross volume of sales made or business done in an amount exceeding $500,000.00;

d.      At all times relevant Defendants constituted an enterprise as defined by 29 U.S.C. § 203(r);

e.      Each Defendant is an employer as defined by the FLSA, the MWHL, and the MWPCL;

f.      Defendant Sanoj Dhamindranath controlled the daily operations of Home & Garden;

g.      Defendant Sanoj Dhamindranath supervised the Plaintiffs directly or indirectly;

h.      Defendant Sanoj Dhamindranath directly or indirectly set and controlled the Plaintiffs' work schedules;

i.      Defendant Sanoj Dhamindranath directly or indirectly set and determined the rate and method of each Plaintiff's pay;

j.      Defendant Sanoj Dhamindranath had the power to hire, discipline, suspend or fire the Plaintiffs;

k.      Because of his intrinsic involvement in the business, Defendant Sanoj Dhamindranath would be considered an employer for purposes of individual liability;

l.      Plaintiffs were employed by the Defendants from 2011 through 2013;

m.      Defendants paid Plaintiff Neemias E. Cruz $2,500.00 per month regardless of the number of hours worked.  On average he worked forty-four (44) hours per week;

n.      Defendants failed to pay Plaintiff Neemias E. Cruz for his final four months of employment (October 2012 through January 2013) and is owed $10,000.00 in unpaid wages which were withheld by Defendants absent a bona fide dispute;

o.      Defendants paid Plaintiff Santos Aristides Majano Reyes $12.00 per hour regardless of the number of hours per week he worked. He routinely worked fifty-seven (57) hours per week. He was not compensated at the overtime rate (1.5 times the hourly rate or $18.00 per hour) for those hours he worked in excess of 40 hours a week. Plaintiff Santos Aristides Majano Reyes is owed the difference between the overtime rate he should have been paid and the regular rate he was paid for sixty (60) weeks. He is owed $6,120.00 in unpaid overtime wages;

p.      Defendants also failed to pay Plaintiff Santos Aristides Majano Reyes for 160 hours of work. He is owed $1,920.00 in unpaid straight time wages;

q.      Defendants paid Plaintiff Marvin A. Hernandez $12.00 per hour regardless of the number of hours per week he worked. He routinely worked fifty-seven (57) hours per week. He was not compensated at the overtime rate (1.5 times the hourly rate or $18.00 per hour) for those hours he worked in excess of 40 hours a week. Plaintiff Marvin A. Hernandez is owed the difference between the overtime rate he should have been paid and the regular rate he was paid for fifty-three (53) weeks. He is owed $5,406.00 in unpaid overtime wages;

r.      Defendants paid Plaintiff Eleazar Cruz Zavala $12.00 per hour regardless of the number of hours per week he worked. He routinely worked fifty-seven (57) hours per week. He was not compensated at the overtime rate (1.5 times the hourly rate or $18.00 per hour) for those hours he worked in excess of 40 hours a week. Plaintiff Eleazar Cruz Zavala is owed the difference between the overtime rate he should have been paid and the regular rate he was paid for fifty-two (52) weeks. He is owed $5,304.00 in unpaid overtime wages;

s.      Pursuant to 29 U.S.C. § 206(a)(1)(C), "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" at a minimum of $7.25 an hour;

t.      Defendants' failure to abide by 29 U.S.C. § 206 constitutes a willful violation;

u.      In accordance with the MWHL, "each employer shall pay to each employee who is subject to both the federal Act and this subtitle, the greater of the minimum wage for that employee under the federal Act; or the State minimum wage rate set under subsection (c) of this section[.]" Md. Code Ann., *Lab. & Empl.*, § 3-413(b)(1);

v.      Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith;

w.      "[No] employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of good for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1);

x.      Defendants' failure to abide by 29 U.S.C. § 207 constitutes a willful violation;

y.      In accordance with the MWHL, "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage[.]" Md. Code Ann., *Lab. & Empl.*, § 3-415;

z.      Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith;

aa.     Pursuant to the MWPCL, "each employer shall pay an employee . . . all wages due for work that employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." *Id.,* § 3-505(a);

bb.     Defendants, as the employers, have the burden of demonstrating they withheld wages as a result of a bona fide dispute. *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 658-59, 97 A.3d 621, 628 (2014);

cc.     Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to a bona fide dispute, and thus was willful and not in good faith;

dd.     Defendants failed to pay Plaintiffs Neemias E. Cruz and Santos Aristides Majano Reyes all of the straight time wages they were owed as required by the FLSA, the MWHL, and the MWPCL; and

ee.     Plaintiffs Santos Aristides Majano Reyes, Marvin A. Hernandez, and Eleazar Cruz Zavala worked in excess of forty hours per week, constituting overtime work. They were not properly compensated by the Defendants as required by the FLSA, the MWHL, and the MWPCL.

Accordingly, the Plaintiffs have established the Defendants' liability and therefore a default judgment as to the violations of the FLSA, the MWHL and the MWPCL as outlined in the Plaintiffs' Complaint is proper.

## B.     Damages

In support of their claims for damages each Plaintiff has submitted a declaration and their counsel have submitted a declaration with supporting documentation. Initially, in their Complaint the Plaintiffs sought $86,250.00 (three times the wages owed) plus reasonable attorneys' fees and costs under the MWPCL, $46,652.64 (two times the overtime compensation owed) plus reasonable attorneys' fees and costs under the FLSA, and $23,326.32 under the MWHL plus reasonable attorneys' fees and costs.  *See* ECF No. 1 at 6, 8.

In their motion for default judgment the Plaintiffs seek treble damages under the MWPCL of the regular and overtime wages owed ($28,750.00), a total amount of $86,250.00. ECF No. 7 at 8. This amount is reduced by the partial payment by Defendants in the amount of $9,729.99. *Id.* at 4. The adjusted amount of damages the Plaintiffs seek is $76,520.01. *Id.* at 13.

"If . . . a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an

amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." Md. Code Ann., *Lab. & Empl.* § 3-507.2(b). Since the Plaintiffs alleged violations of § 3-502 and § 3-505 of the MWPCL and the Defendants' liability has been established, this court may consider an award of treble damages. In light of the Maryland General Assembly's use of the word *may* instead of *shall*, "an employee is not presumptively entitled to enhanced damages, even if the court finds that wages were withheld without a bona fide dispute." *Early Healthcare Giver*, 439 Md. at 662, 97 A.3d at 630.

The undersigned recommends an award of treble damages. Defendants' failure to pay the proper rate for overtime pay occurred in 2012 and 2013, three to four years ago. At least two of the Plaintiffs were not paid for work performed in 2012 and/or 2013. In either case the wages were unlawfully withheld. Awarding tremble damages appropriately punishes the Defendants for their misconduct and places other employers on notice about the consequences of violating the MWPCL.

An award of $76,520.01 is the amount owed to the Plaintiffs *collectively*. The Defendants have already made a partial payment of $9,729.99. The undersigned assumes this payment was divided *proportionally* among the four Plaintiffs. To determine each Plaintiff's proportional share, the undersigned multiplied each unpaid wages by 3.38 percent. Those amounts totaled $9,717.50, leaving a difference of $12.49 (which the undersigned distributed proportionally among the Plaintiffs). Next, the proportional share each Plaintiff presumably received was subtracted from each Plaintiff's treble award to derive the amount owed as compensatory and statutory damages.

a.      Plaintiff Neemias E. Cruz is owed $26,614.88[7];

---

[7] The Defendants owe Plaintiff Cruz $10,000.00 in unpaid wages. This amount times 3.38 percent equals $3,380.00 (Plaintiff Cruz's proportional share from Defendants' partial payment). The undersigned then added $5.12 as

       b.      Plaintiff Santos Aristides Majano Reyes is owed $21,399.36[8];

       c.      Plaintiff Marvin A. Hernandez is owed $14,388.63[9];

       d.      Plaintiff Eleazar Cruz Zavala is owed $14,117.14.[10]

The amounts owed to each Plaintiff individually ($26,614.88 + $21,399.36 + $14,388.63 + $14,117.14) total $76,520.01.

### *Attorneys' Fees*

The total amount of attorneys' fees incurred in this case is $11,084.33. *See* ECF No. 7-5 at 3 (Lombardo Decl. ¶ 7). This amount is reduced by $5,270.01, Defendants' partial payment on an undisclosed date. *See* ECF No. 7 at 4 ¶ 26. The balance sought by Plaintiffs' counsel is $5,814.32[11] (exclusive of costs).

The undersigned has reviewed the Declaration of Mary Craine Lombardo, Esquire (ECF No. 7-5 at 2-4) and the billing records of her firm. Ms. Lombardo has been practicing law for over fifteen (15) years. She has been the lead attorney of this case since it went to litigation. Her colleague Jonathan F. Lieberman, Esquire, who likewise has practiced law for over 15 years, was the lead attorney of this case during the investigation and initial demand stage.

---

Plaintiff Cruz's proportional share of $12.49, for a total proportional share of $3,385.12. Subtracting this amount from $30,000.00 (Plaintiff Cruz's treble damages) yields a balance of $26,614.88.

[8] The Defendants owe Plaintiff Reyes $8,040.00 in unpaid wages. This amount times 3.38 percent equals $2,717.52 (Plaintiff Reyes' proportional share from Defendants' partial payment). The undersigned then added $3.12 as Plaintiff Reyes' proportional share of $12.49, for a total proportional share of $2,720.64. Subtracting this amount from $24,120.00 (Plaintiff Reyes' treble damages) yields a balance of $21,399.36.

[9] The Defendants owe Plaintiff Hernandez $5,406.00 in unpaid wages. This amount times 3.38 percent equals $1,827.23 (rounded up) (Plaintiff Hernandez's proportional share from Defendants' partial payment). The undersigned then added $2.14 as Plaintiff Hernandez's proportional share of $12.49, for a total proportional share of $1,829.37. Subtracting this amount from $16,218.00 (Plaintiff Hernandez's treble damages) yields a balance of $14,338.63.

[10] The Defendants owe Plaintiff Zavala $5,304.00 in unpaid wages. This amount times 3.38 percent equals $1,792.52 (Plaintiff Zavala's proportional share from Defendants' partial payment). The undersigned then added $2.11 as Plaintiff Zavala's proportional share of $12.49, for a total proportional share of $1,794.86. Subtracting this amount from $15,912.00 (Plaintiff Zavala's treble damages) yields a balance of $14,117.14.

[11] In their motion the Plaintiffs request reasonable attorneys' fees in the amount of *$6,264.32* and costs in the amount of $450.00. *See* ECF No. 7 at 13. The motion does not identify the total amount of attorneys' fees incurred. *See id.* at 8-13. The difference between $6,264.32 and $5,814.32 is *$450.00*. When comparing the motion to the declaration of Plaintiffs' counsel, the undersigned deduces the Plaintiffs failed to deduct $450.00 from the outstanding amount of attorneys' fees, and thus the outstanding attorneys' fees is higher as listed in the motion.

The FLSA allows a prevailing Plaintiff to recover reasonable attorney's fees and court costs.  29 U.S.C. § 216(b) ("The court . . . shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of reasonable counsel fees and other costs is discretionary with the court under the MWCPL. *See* Md. Code Ann., *Lab. & Empl.* § 3-507.2(b). But as the Court of Appeals of Maryland has noted, if the factfinder determines a lack of a bona fide dispute as to unpaid wages, "courts should exercise their discretion liberally in favor of awarding a reasonable fee, unless the circumstances of the particular case indicate some good reason why a fee award is inappropriate in that case." *Friolo v. Frankel*, 373 Md. 501, 518, 819 A.2d 354, 364 (2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L.E.2d 40 (1983)). A fee award is appropriate in this case.

After reviewing the billing history and considering the twelve factors derived from *Johnson v Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the undersigned finds (a) the time and labor required, (b) the level of skill required to perform the legal services properly, (c) the customary fee, (d) a contingent fee case, (e) the experience, reputation and ability of the attorneys and (f) awards in similar cases weigh heavily in liberally awarding a reasonable fee. The fees incurred are reasonable. The undersigned therefore recommends an award of $5,814.32 as reasonable attorneys' fees.

*Other Costs*

Plaintiffs seek reimbursement of minimal court costs. They claim $400.00 for filing fee and $50.00 for the process server's fee, for a total cost award of $450.00. The undersigned finds these fees are reasonable and necessary costs associated with this litigation. The undersigned therefore recommends an award of $450.00 as reasonable costs.

## RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiffs' Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs (ECF No. 7);

(b) The Court award Plaintiff Neemias E. Cruz and against the Defendants, jointly and severally, $26,614.88 as compensatory and statutory damages;

(c) The Court award Plaintiff Santos Aristides Majano Reyes and against the Defendants, jointly and severally, $21,399.36 as compensatory and statutory damages;

(d) The Court award Plaintiff Marvin A. Hernandez and against the Defendants, jointly and severally, $14,388.63 as compensatory and statutory damages;

(e) The Court award Plaintiff Eleazar Cruz Zavala and against the Defendants, jointly and severally, $14,117.14 as compensatory and statutory damages;

(f) The Court award the Plaintiffs $5,814.32 as reasonable attorneys' fees;

(g) The Court award the Plaintiffs $450.00 as reasonable costs;

(h) The Court direct post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, continue to accrue on the judgment until satisfied by the Defendants; and

(i) The Court grant any other and further relief as it deems appropriate.

July 12, 2016                                    _____/s/_____
                                                 WILLIAM CONNELLY
                                                 UNITED STATES MAGISTRATE JUDGE

17